## C. LONG v. HARRISBURG ETC. R. CO.

ERROR TO THE COURT OF COMMON PLEAS OF CUMBERLAND COUNTY.

126  143
163  163
126  143
175  180
126    143
19 SC ³309

Argued April 29, 1889—Affirmed at Bar.

1. Compensation for land taken for railroad purposes under the right of eminent domain, consists in giving back an equivalent, either in money, or actual value otherwise conferred; and just allowance must therefore be made for the advantages which may have resulted to the landowner, in consequence of the building of the road over his land.

2. The advantages thus to be considered are such only as are special and actual to the property which is claimed by the landowner to have been injured, and, in comparing the advantages and disadvantages, the general appreciation of property in the neighborhood, consequent upon the construction of the railroad, is to be disregarded.

3. The test is, whether the land would sell in the market for as much after the construction of the railroad as before; if it would, the owner is not entitled to damages; if it would sell in the market for less, after than before, the owner is entitled to recover the difference.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 32 July Term 1888, Sup. Ct.

On December 21, 1883, viewers duly appointed to assess the damages to C. Long, by reason of the taking of certain of his land by the location and construction of the Harrisburg & Potomac Railroad Company, reported an award to the petitioner of $225, from which the petitioner appealed. An issue framed, wherein the petitioner was made plaintiff, and the railroad company defendant, came on for trial on January 25, 1887.

The facts disclosed by the testimony sufficiently appear from the charge to the jury, BARNETT, P. J. 41st judicial district, specially presiding, which was as follows:

A railroad corporation, with the commonwealth's conferred power of eminent domain, as it is called, may take private property for public use. It may do this without the permission and against the consent of the individual owner. But the constitutional provision is, " Municipal and other corporations and individuals invested with the privilege of taking private property for public use, shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements, which compensation shall be paid or secured before such taking, injury or destruction." The Harrisburg & Potomac Railroad Co., the defendant in this case, took and occupied certain land of Mr. Long, the plaintiff in this case, and located their railroad thereon; and it is alleged by the plaintiff that, by reason of such location of the defendant's road, injury was done to the remainder of the tract not actually taken by the defendant.

The railroad company, before entering upon his land, gave Mr. Long a bond to secure to him just compensation for the property that might be taken, injured or destroyed by the construction of its road, and viewers were subsequently appointed by the court to ascertain and report the amount of such just compensation. The act of assembly of February 19, 1849, P. L. 83, in relation to this subject provides: "And the said viewers, or any five of them, having been first duly sworn or affirmed, faithfully, justly and impartially to decide, and true report to make concerning all matters and things to be submitted to them, and in relation to which they are authorized to inquire in pursuance of the provisions of this act, and having viewed the premises, they shall estimate and determine the quantity, quality and value of said lands so taken or occupied, or to be so taken or occupied, or the materials so used or taken away, as the case may be, and having a due regard to and making just allowance for the advantages which may have resulted, or which may seem likely to result to the owner or owners of said land or materials, in consequence of the making or opening of said railroad, and of the construction of works connected therewith; and after having made a fair and just comparison of said advantages and disadvantages, they shall estimate and determine whether any, and if any, what amount of damages has been or may be sustained, and to whom payable, and make report thereof to the said court." And it is further provided that "upon the report of said viewers, or any four of them, being filed in said court, either party, within thirty days thereafter, may file his, her or their appeal from said report to said court."

The viewers in this case having filed their report, an appeal therefrom was taken, and it is this appeal that is now trying before you. Now, the question for your consideration, under all the evidence is, "having a due regard to, and making just allowance for the advantages which may seem likely to result" to Mr. Long in consequence of the making or opening of said Harrisburg and Potomac Railroad, "and of the construction of works connected therewith, and after having made a fair and just comparison of said advantages and disadvantages, to estimate and determine whether any, and if any, what amount

of damages has been or may be sustained " by Mr. Long by reason of the location of the defendant's road upon his land. '

Compensation consists in giving back an equivalent in either money, which is but the measure of value, or in actual value otherwise conferred. And therefore it is, that it becomes necessary to have a due regard to, and make just allowance for the advantages, which may have resulted to the landowner in consequence of the making of the railroad by the corporation taking the land, and to compensate in money for the damages which have not been compensated for by said advantages. The damages therefore which a jury may find in any given case is the amount of money required to fully compensate the landowner, where he has not been already compensated, either wholly or in part by advantages, after having made a fair and just comparison of said advantages and disadvantages. The advantages to be considered are such only as are special, and the advantages such as are actual, to the property claimed by the landowner to have been injured or destroyed by the location of the road. The general appreciation of property in the neighborhood consequent to the construction of the defendant's road, is not to be considered in comparison of the advantages and disadvantages resulting to this plaintiff. The landowner whose lands have been taken is as fairly entitled to the benefit of this general appreciation in value, as his neighbor whose land has not been taken and whose enjoyment of his property has not been disturbed. The general increase of value resulting from the growth of public improvements accrues to the public benefit, and the particular landowner is not to be charged therewith. The question in this case is, whether the construction of the defendant's road has advanced the market value of his property, specially and beyond the more general appreciation of property in the neighborhood. The disadvantages to be considered are such as are actual to the plaintiff's property; the inconvenience arising from a division of the property, or from increased difficulty of access; the burden of increased fencing; the injury done to his buildings by interfering with the drainage from cellars, and, generally, all such matters as, owing to the particular location of the road and not resulting from negligence on part of the corporation, may affect the convenient use and future enjoyment of the

plaintiff's property. These disadvantages are to be considered in comparison with the advantages, only as they affect the market value of the land, because the rule as to the measure of damages is, "that jurors are to consider the matter just as if they were called on to value the injury at the moment when compensation could first be demanded; they are to value the injury to the property, without reference to the person of the owner, or the actual state of his business; and, in doing that, the only safe rule is to inquire what would the property, unaffected by the obstruction, have sold for at the time the injury was committed? What would it have sold for as affected by the injury? The difference is the true measure of compensation." "It is the business of the viewers, in the first instance, and on an appeal, of the jury, to balance the advantages that are special against the disadvantages that are actual, and, with the aid of the testimony laid before them, to find out as well as they can, how much less the land would fetch in the market by reason of the road, and that sum which will represent what has really been taken away from the owner should be given back in damages." This is the rule of law for the measurement of the plaintiff's damages. Consider and weigh the testimony of the witnesses in the case, and from a careful consideration of the whole evidence determine whether the plaintiff's property alleged by him to have been injured, would sell for as much in the market after the construction of the defendant's road, as it would have done before said construction; and if you find from the evidence that it would, then your verdict should be for the defendant; but if you should find from the evidence that it would sell for less after than before the construction of said road, find for the plaintiff the difference.

∗     ∗     ∗     ∗     ∗     ∗     ∗     ∗

The plaintiff asks us to say to you:

1. That under the constitution and laws of Pennsylvania, land actually taken by a railroad for its own purposes must be justly compensated for, and a comparison of advantages and disadvantages is only required in determining the question of damages to the remainder of the tract upon which the railroad has been located; and, in determining that question, only such advantages as are peculiar to the property and not such as are common

Charge of Court below. .

to the neighboring properties are to be considered; a general appreciation of land resulting from the construction of a railroad, cannot be considered by the jury.

Answer: The first proposition contained in this point is correct, but we decline to affirm it as presented. Whether land be actually taken and appropriated, or only injured by the locacation of a railroad, or taken in part and injured as to the remainder, the rule is the same, namely, " to inquire, what the property, unaffected by the obstruction, would have sold for at the time the injury was committed; what would it have sold for as affected by the injury; the difference is the true measure of compensation." For further instruction the jury is referred to the general charge.[1]

2. The jury should consider the amount and value of the land taken, the additional burden of fencing required, and, in ascertaining the value of the land actually taken, they should consider its location, its abutment on a public road, its nearness to the built up portion of Shippensburg, its fitness for building lots, and the facility the public road or street furnished, prior to the construction of the railroad, for converting it into building lots; and its value, for that purpose, is the measure of value for the land actually taken, and not its value as land used for farming purposes exclusively.

Answer: The first part of this point is correct; but we submit it to the jury under all the evidence to determine in what the true value of the land taken, as well as the land alleged to be injured, may fairly reside, and to determine the measure of value of the land taken, as well as the measure of value of the land alleged to be injured, from all the evidence in the case.[2]

3. The jury ought not to consider any possible use to which the property of the plaintiff can be put in the future, but only such as there is strong reason to believe that it will be put to. They should therefore disregard all the evidence bearing upon the possibility of using the property for a furnace, manufactory, or other special business, and if the jury believe that, prior to the construction of the Harrisburg and Potomac Railroad upon the property of the plaintiff, he had equal or better facilities for using his property for a lumber or coal yard, or for warehouse and forwarding, or any other special business requiring railroad facilities, by reason of the immediate proximity of the

Charge of Court below.

Cumberland Valley Railroad to his property, and that its freight depot, switches, sidings, etc., were opposite his property, then they should disregard all evidence on part of defendant, as to special use of the plaintiff's property.

Answer: We affirm this point with this qualification: the possible use of the land for a furnace is entitled to no weight, but there may be other special business not so remote or speculative, that might be considered in connection with the plaintiff's land, and the railroad facilities, as fairly to enhance the value of the plaintiff's property. The latter part of the point is correct. If the defendant's road afforded no railroad facilities greater than existed before its construction, for any special business, then the testimony relating thereto is without weight; but we submit the evidence to the jury for them to determine whether greater facilities were afforded, or not, for special business, and refer them for further instructions to the general charge.[3]

4. The jury in making up their verdict in this case should allow a fair value for the land actually taken by the railroad company; any additional burden resulting from necessary fencing; the depreciation either partial or entire of his means of access to his property without inconvenience of railroad; the interference with the drainage of his property and the destruction, either partial or entire, of his facility for using his property for special businesses by means of a siding from the Cumberland Valley Railroad over and upon his property to the Mateer lot; and if they believe that the facilities for special businesses on the plaintiff's property have not been materially increased by the construction of the Harrisburg and Potomac Railroad, prior to the construction of the Western Maryland Railroad and the connection of the Harrisburg and Potomac Railroad with that railroad, then their verdict should be for the plaintiff for such sum as will cover all the items set out in this point, together with interest from the time the railroad entered upon the property, about May 1, 1883.

Answer: This point is affirmed, if the jury find from all the evidence that no advantages special to the plaintiff's property accrued from the construction of the defendant's road, independent of advantages accruing from the subsequent construction of the Western Maryland Railroad.[4]

Now the defendant asks us to instruct you:

1. The measure of damages for the taking of the land of plaintiff is the difference between the market value of the entire property affected by the road before, and its market value after the taking; and if the jury believe from the evidence that the property of the plaintiff, by reason of the special advantages conferred by this road, will sell for as much as it would have sold for before the location of the road upon it, then they should find a verdict for the defendant.

Answer: This we affirm.[5]

2. That the plaintiff has neglected or refused to avail himself of the special or peculiar advantages which may have been afforded him by the road is of no moment, for the question is not as to the disposition of the owner, Mr. Long, to make use of them, but whether or not the construction of the road has given an increased value to this tract of land and would make it sell for more than it would have brought before if offered in open market.

Answer: This we affirm.[6]

The jury returned a verdict in favor of the defendant. A rule for a new trial was subsequently discharged, when judgment was entered on the verdict. Thereupon the plaintiff took this writ assigning as error:

1–4. The answers to plaintiff's points.[1 to 4]

5, 6. The answers to defendant's points.[5 6]

*Mr. John Hays* (with him *Mr. R. M. Henderson*), for the plaintiff in error.

*Mr. J. W. Wetzel* and *Mr. S. Hepburn, Jr.*, for the defendant in error.

PER CURIAM:

On the argument at Bar,

Judgment affirmed.