## Fanny Aswell *v.* The City of Scranton, Appellant.

*Road law— Streets—Change of grade—Damages.*

In an action against a city to recover damages for a change of grade of a street where it appears that the improvement affected only two squares, and did not appreciably increase the value of real estate in the general region of the city in which the street was located, it is error for the court to charge the jury not to take into consideration a general appreciation of property in the neighborhood, inasmuch as such an instruction opens the way to the jury to reach the improper conclusion that such advantage derived from an improvement, to justify the jury in considering it, must be something unlike and above the advantages derived by any other person.

If every property along a street is made more accessible, then every property along the street is specially benefited, and the amount of that benefit should be set off against the damages, if any, inflicted by the improvement as made.   It is the actual loss suffered for which the lot owner should be compensated.   That loss may be measured with exact justice by the depreciation in value of his property resulting from the improvement complained of.   If his property is injured that others may be benefited, his loss should be made good; but if the grading or other improvement increases the value of his property as much as or more than it may cost him to repair, or to readjust himself to the changed state of things, he is not a loser, and he ought not to recover.

Argued Feb. 26, 1896.   Appeal, No. 167, July T., 1895, by defendant, from judgment of C. P. Lackawanna Co., Nov. T.,

1893, No. 100, on verdict for plaintiff.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.    Reversed.

Appeal from report of road jury.    Before MAYER, P. J., of the 25th judicial district, specially presiding.

The facts appear by the opinion of the Supreme Court.

The court charged as follows :

Fanny Aswell has instituted this proceeding as the owner of a lot situated on the corner of Tenth and Oxford streets, in this city.    Upon this lot are erected two houses and a brick barn or stable.    On the 17th of March, 1891, the city of Scranton passed an ordinance authorizing the grading of Tenth street, between Luzerne and Washburn streets.    This street crossed Oxford street at the corner of the lot owned by the plaintiff in this proceeding.

This proceeding was instituted under an act of assembly passed on the 16th day of May, 1891, by which the legislature authorized the ascertainment, levy, assessment and collection of the costs, damages and expenses of municipal improvements, including the grading, paving and macadamizing of streets in any municipality in this commonwealth.    [In pursuance of this act of assembly the city of Scranton instituted proceedings to have this street graded, they made a contract to have this street graded, and they applied to the court and had viewers appointed to ascertain the benefits as well as the damages resulting from the construction of this improvement.] [2]    The viewers, in pursuance of the power conferred upon them by their appointment under the order of court, proceeded to assess the benefits as well as the damages resulting from the grading of this street.    They ascertained the damages which resulted to Mrs. Aswell from the construction of this improvement, and from this an appeal has been taken, and it comes now into court to be tried before this jury, and it becomes their duty, under the evidence in this case, to ascertain and determine by their verdict what amount of damages, if any, has been sustained by Mrs. Aswell by reason of the grading of Tenth street, in front of her property on the corner of Tenth and Oxford.

Prior to 1874, when the new constitution was adopted, where an improvement of this kind was made, the owner of a lot abutting on such improvement had no remedy against the munici-

pality, but when the constitution of 1874 was adopted, there was a provision inserted in that constitution, by which a municipal corporation invested with the privilege of taking private property for public use was required to make just compensation for the properties taken, injured or destroyed by reason of the construction of any public improvement. And this act of assembly was evidently passed in view of this provision in the constitution, providing a mode by which these damages were to be ascertained. So that Mrs. Aswell, under this provision of the constitution, is entitled to recover from the city of Scranton for what injury she may have sustained by reason of the construction of this improvement, and the jury will determine, from the evidence in the case, what amount of injury, if any, she has sustained.

Now, it appears from the testimony that this street was raised some eight or ten feet in front of the dwelling house of Mrs. Aswell. It appears that this house of hers was built in a very low place, and the city, in the exercise of its authority, deemed it necessary to raise this street some eight or ten feet, which they did, and it made an embankment in front of her house some eight or ten feet high, and she seeks now to recover damages by reason of the making of this embankment in the front of her house. Now, the question for the jury to determine is, what damage this property has sustained by reason of the raising of this embankment.

[In relation to the general appreciation of property in the neighborhood where this improvement is made, the jury cannot take that into consideration. The fact that the property in that neighborhood was appreciated in value, by reason of the construction of this improvement, the jury cannot take into consideration. Mrs. Aswell is entitled to the benefit of the general appreciation, the same as the owner of all the property along the line of this improvement. You can take into consideration only the special or peculiar benefits which may have been conferred upon this property by reason of the construction of this improvement.] [3] [But in regard to that, gentlemen of the jury, we have this to say to you, that under this act of assembly the viewers are required to assess the benefits, if any, which may have been sustained by this property, and the jury cannot take into consideration the benefits which may have

accrued to this property, by reason of the construction of this improvement, they are only authorized, under this act of assembly, to ascertain and determine the damages which Mrs. Aswell has sustained. If the viewers had assessed the benefits upon this property, and there had been an appeal from that assessment, then this jury would have been entitled to take into consideration the question of benefits, as well as the question of damages. But, as the jury did not assess any benefits upon this property, and no appeal has been taken from this assessment, the only appeal taken being from the assessment of damages, the jury, under the act of 1891, are only authorized to take into consideration the question of what amount of damages, if any, Mrs. Aswell has sustained by reason of this public improvement.] [4]

And this brings us, then, to a consideration of the evidence which the jury must consider in determining this question of damages. A number of witnesses have been called upon the part of the plaintiff who were acquainted with the property of Mr. and Mrs. Aswell, before and after the making of this improvement, and they state in their testimony that, in their judg-. ment, this property was damaged to the extent of from $1,000 to $2,000; that is, in their opinion, the market value of this property was affected, by reason of this improvement, to the extent of a depreciation of $1,000, and the true measure of damages in a case of this kind is, what was the market value of this property immediately before, and what was the market value of it immediately after the making of this improvement. And if the property depreciated after the making of this improvement, then the jury can take that into consideration and assess the damages. If, however, by reason of this improvement, the market value of this property was not depreciated, but was appreciated, then the plaintiff would not be entitled to recover any damages from the city.

Now, the testimony of the plaintiff's witnesses, as you have heard them state it here upon the stand, is that this embankment having been thrown up in front of this property, in their judgment, the market value of this property was affected to the extent of $1,000; that the property is worth from $1,000 to $2,000 less after this embankment was placed there than it was before. [On the other hand a number of witnesses have

been called on the part of the city, who state in their testimony that, in their judgment, the market value of this property was increased by reason of the construction of this improvement; that the property is worth more after the improvement was made there than it was before.   If this testimony, however, on the part of the city is based upon the general appreciation of property in that neighborhood, and not upon a special appreciation of the property of Mrs. Aswell, the jury cannot take that into consideration, because she is not to be affected by the general appreciation of property in that neighborhood, but only by the appreciation of the value of her property specially, and that is the true measure of damages in a case of this kind.   She is entitled to have the benefit of the general appreciation of the property in that neighborhood, the same as the owner of other properties along the line of this improvement.]  [5]   But, if by reason of this improvement, her property has been specially appreciated, if the market value of it has been specially appreciated over and above the other properties in that neighborhood, the jury can take that into consideration in determining the measure of damages which she is entitled to recover.

Now, gentlemen of the jury, this is all we deem necessary to say to you in this case, and you will deal fairly and justly between the plaintiff and the city.   You are not to mulct the city in damages by reason of the fact that it is a corporation.  Being a corporation it is entitled to the same consideration at your hands as if it was a contest between two individuals.   Take this case and dispose of it fairly under the evidence, and if the plaintiff is entitled to recover damages, render a verdict in her favor for what amount of damages this jury shall consider she is entitled to.   And in determining the damages you can exercise your judgment, as well as consider the testimony in the case, having seen the property yourselves.   You can exercise your own judgment when you come to consider the verdict, and also in connection with the testimony in the case, and determine whether Mrs. Aswell is entitled to any damages, and if so, ascertain by your verdict the amount of damages.   However, if you are of opinion that she is not entitled to any damages, then render a general verdict for the defendant.

The defendant's point was as follows :

1. If the jury believe from the evidence that the market

value of plaintiff's property was greater after the grading than before, as affected by the grading, then the plaintiff is not entitled to 'damages, no matter how much she may have subsequently expended in conforming her lot to the grade of the street. *Answer:* This point is affirmed, with the qualification, gentlemen, that the market value of plaintiff's property must not be the general appreciation of property in that locality, but it must be the special market value of the plaintiff's own property. [1]

The plaintiff's point was as follows:

In arriving at the amount of damages the jury are not to take into account the general increase in value of property in the neighborhood consequent on the grading of the street. To this the plaintiff is fairly entitled along with the other property owners and the general public whose property has been benefited. *Answer:* This point is affirmed. As we have already instructed you in our general charge it must be the particular benefit to this property. [6]

Verdict and judgment for plaintiff for $750. Defendant appealed.

*Errors assigned* were (1–6) above instructions, quoting them.

*James H. Torrey*, city solicitor, for appellant.—From the charge as applied to the evidence, the jury must have understood that if all other properties upon the street were benefited in the same manner as plaintiff's property, the benefit was a general as distinguished from a special benefit; it was error: Allen v. Charlestown, 109 Mass. 243; Meacham v. Fitchburg R. R., 4 Cush. 291; Upton v. South Reading R. R., 8 Cush. 600; Dickenson v. Fitchburg, 13 Gray, 546; Whitman v. Boston & Maine R. R., 3 Allen, 133; Hilbourne v. Suffolk, 120 Mass. 393; Trinity College v. Hartford, 32 Conn. 452; McMasters v. Com., 3 Watts, 292; Pittsb. & L. E. Ry. v. Robinson, 95 Pa. 426: Ry. Co. v. McClosky, 110 Pa. 436; Act of May 23, 1889, art. XIV. secs. 1, 2; P. L. 272; Act of May 23, 1891, secs. 2, 3; Penna. Ry. v. Berry, 68 Pa. 272; Bisbing v. Bank, 93 Pa. 79.

*I. H. Burns, Frank T. Okell* with him, for appellee.—In arriving at the amount of damages the jury are not to take into

account the general increase in value of property in the neighborhood consequent on the grading of the street. To this the plaintiff is fairly entitled along with the other property owners and the general public whose property has been benefited: Setzler v. Ry. Co., 112 Pa. 56; Dawson v. Pittsburg, 159 Pa. 324.

OPINION BY MR. JUSTICE WILLIAMS, April 27, 1896:

The several assignments of error in this case are merely different methods of presenting the same general question. It is raised upon the following facts. The plaintiff is the owner of a lot at the intersection of Tenth and Oxford streets in the city of Scranton. It was at the bottom of a deep depression in the surface and was reached at some inconvenience and danger on account of the steepness of the descent, and the irregularity of surface of the streets by which it was reached. There were two dwellings and a stable upon the lot, and the plaintiff herself resided on it. In 1891 an ordinance was passed fixing a uniform grade for Tenth street between Luzerne and Washington streets. Oxford street was about midway between these points. When the street was put upon the grade provided for in the ordinance, its surface was raised some eight or ten feet at the crossing of Oxford street, and this made it desirable for the plaintiff to raise her house and to fill some portion of her lot. This proceeding was entered upon to ascertain what amount, if any, should be paid by the city to the plaintiff as damages suffered by reason of the change of the grade of Tenth street. The learned judge before whom the trial was had instructed the jury that the measure of the plaintiff's damages was the difference between the market or selling value of her lot before the improvement was made and its value as affected by the improvement. In ascertaining this difference, he told them that they were to consider any direct benefit or advantage conferred on the property by the grading of the street; and any disadvantage or injury inflicted upon it by the alteration of the grade. This was entirely correct.

The question now raised is over his application of these rules to the facts of this case. To guide the jury in the estimation of the value of the property, as affected by the improvement, he said to them, "If this testimony however on the part of the city is based upon the general appreciation of property in that

neighborhood, and not upon a special appreciation of the property of Mrs. Aswell, the jury cannot take that into consideration because she is not to be affected by the general appreciation of property in that neighborhood, but only by the appreciation of the value of her property." In a point pressed by the plaintiff he was also asked to instruct the jury that they should not take into account the general increase in value of property in the neighborhood consequent on the grading of the street, as the plaintiff was fairly entitled to that along with the other property owners and the general public whose property was benefited by the improvement. This point he affirmed, adding, " As we have already instructed you in our general charge, it must be the particular benefit to this property." Now this was an improvement extending only over two squares, and intended by filling and grading to make a practicable roadway by which this part of Tenth street could be traversed and property along it be reached with ease and safety. If the improvement of this short piece of street had any effect by way of increasing the value of real estate in that general region of the city, it is not apparent upon an examination of the testimony. It did increase the value of such pieces of property along it as were made easily accessible by means of the improved street; and such improved accessibility was not a general benefit to be excluded, but a special benefit to be included in fixing upon the proper market or selling price of each piece of property so affected. The mere fact that a line of railroad or a street has been projected across a region of country may improve the general value of land in the region. That is a general benefit in which the entire public may share, but the lots that are made available for building purposes by the street when actually opened have conferred on each a benefit that is peculiar and although it may be shared by several owners, is not shared in by the public. In Setzler v. The Railroad Company, 112 Pa. 56, the proposition is stated in these words, " The question in each case is, whether or not the special facilities afforded by the improvement have advanced the market value of the property beyond the mere general appreciation of property in the neighborhood." Substantially the same thing was said in Long v. Harrisburg, etc. R. Co., 126 Pa. 143. In Dawson v. Pittsburg, 159 Pa. 317, the general increase in value from the

development of a neighborhood by improvements is clearly distinguished from the real and special benefits to particular owners. The former are to be excluded from the calculation of benefits. The latter are to be included. The effect of the charge was to open the way for the jury to reach a conclusion that we have uniformly said they must not adopt, viz : that the advantage derived from an improvement to justify the jury in considering it must be something unlike and above the advantages derived by any other person. The last case upon this subject, as I now recollect, is Mehaffey v. The Beech Creek Railroad, 163 Pa. 158, in which our Brother Fell, delivering the opinion of the court, said, " The plaintiff's property was not the only property taken, and presumably not the only property which received special advantages. Against the demand of each claimant it was for the jury to consider the advantages special to his property." So it may be well said as to this improvement on Tenth street. The plaintiff's was not the only property affected. Each piece of property along the two squares over which the grade was established, and the street made, was probably made more accessible and more valuable. The amount of benefit conferred depended on the extent to which access to the property had been improved, but " against the demand of each claimant " for damages were to be put the advantages special to his property in improved accessibility or otherwise. If every property along the street was made more accessible, then every property along the street was specially benefited, and the amount of that benefit should be set off against the damages, if any, inflicted by the improvement as made. It is the actual loss suffered for which the lot owner should be compensated. That loss may be measured with exact justice by the depreciation in value of his property resulting from the improvement complained of. If his property is injured that others may be benefited, his loss should be made good; but if the grading or other improvement increases the value of his property as much as or more than it may cost him to repair, or to readjust himself to the changed state of things, he is not a loser and ought not to recover.

The judgment is reversed and a venire facias de novo awarded.