# Gaughan *v.* Scranton City, Appellant.

*Road law—Change of grade—Pavement—Damages—Benefits—Assessments—Foot front rule—Appeal—Act of May 15, 1913, P. L. 215.*

1. Where a municipality cuts down the grade of a road, the owner of the abutting property is entitled to damages measured by the difference in the market value of the property before and after the improvement; but the municipality is entitled to the benefits special to abutting property and no less so because all other properties along the line of the improvement may be similarly situated.

2. The abutting owner, however, is not to be charged with any general indefinite appreciation of the value of the property in the neighborhood, as distinguished from special benefits to his and other abutting properties resulting from the improvement.

3. The development of an important avenue is of common advantage to all property in the vicinity, whether located thereon or not, and this the abutting owner is entitled to share with his neighbors; hence, in passing upon the question of the market value of abutting property, as affected by the improvement, the jury should not charge the owner with any general appreciation of land values in the locality thus indirectly resulting from the development of the avenue and common to nonabutting as well as abutting property. However, the difference between the two because of the direct contact of the latter with the improvement is marked, and must be considered by the jury, and the city given credit for the special advantages thereby accruing, although like advantages also accrue to other properties upon the line of the improvement.

4. An appeal from an award of viewers brings up the whole case, including both damages and benefits, as it is from the net amount only (Act of May 15, 1913, P. L. 215), and the proceedings in the common pleas are de novo.

5. So far as relates to the pavement, in a change of grade proceeding in a city, the benefit conferred thereby is its cost as properly assessed against urban property by the foot front rule.

Argued February 23, 1920.  Appeal, No. 107, Jan. T., 1920, by defendant, from judgment of C. P. Lackawanna Co., Oct. T., 1916, No. 176, on verdict for plaintiff, in case of Thomas Gaughan v. City of Scranton.  Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.  Reversed.

Appeal from award of viewers.  Before NEWCOMB, J.

The facts are stated in the opinion of the Supreme Court.

The trial judge charged, in part, as follows:

[I think it is substantially true as I have said, that no one of the witnesses conceded a depreciation in value of more than $1,000, and I think some of the witnesses say that in their judgment there has been no depreciation in value, considering what they conceive to be the countervailing advantages.  Advantages which they have in mind when they speak of these countervailing benefits perhaps is not entirely clear, as some of their answers under cross-examination tended to show that what they

had in mind was the general enhancement in value of property along the line of improvement, so that instead of being a rough, unsurfaced street in its natural contour, it becomes a well graded and paved street.

It might well be that that would enhance the value of all the properties along the line of improvement. If so, each and every one of the abutting properties is entitled to its share in that general enhancement of value. If that is what the witnesses refer to when they speak of some countervailing advantages, that is not to be offset against damages here, because Mr. Gaughan's property, like your property or my property, or any other property located along that line, so far as the general enhancement in value is concerned, would be entitled to share in it. The advantages that might be offset against the disadvantages are those only which are special and peculiar to this property. If there are any in the case they should be taken into consideration, and they would operate, so to speak, as an offset against any disadvantages.]    (1)

Defendant presented, inter alia, these points:

"1. If the grading and other improvements made by the defendant, City of Scranton, on Wyoming avenue, between Larch street and Marion street, increased the market value of plaintiff's property as much or more than the amount of the damages sustained by said property by reason of said improvement, he cannot recover in this case.

"Answer. That is affirmed, provided the advantages referred to here tending to increase the market value of the property were advantages that were peculiar to this property, and not general to all the properties along the line of the improvement. With that qualification the point is affirmed."    (2)

"4. In determining the effect upon the market value of plaintiff's property caused by the improvement of Wyoming avenue the jury should take into consideration all the benefits to such property, if any, resulting from

such improvement, and this is true even though the jury further find that any or all of the other properties abutting on said improvement received similar benefits. Answer. That is refused." (3)

Verdict and judgment for plaintiff for $1,561. Defendant appealed.

*Errors assigned,* among others, were (1, 2, 3) above instructions, quoting them.

*R. S. Houck,* City Solicitor, with him *Jerome K. Barrett,* Assistant City Solicitor, cited: Burns v. Reynoldsville Boro., 48 Pa. Superior Ct. 122; Aswell v. Scranton, 175 Pa. 173.

*Chas. P. O'Malley* and *Reese H. Harris,* of *Knapp, O'Malley, Hill & Harris,* for appellee.—The rule is well settled in Pennsylvania that the only benefits which can be offset to an abutting property owner's claim for special damages are the benefits which are special and peculiar to his property resulting directly from the improvement: Dawson v. Pittsburgh, 159 Pa. 317; Rudderow v. Phila., 166 Pa. 241; Long v. Harrisburg, etc., R. R., 126 Pa. 143; Greenawalt v. West Newton Boro., 64 Pa. Superior Ct. 576.

OPINION BY MR. JUSTICE WALLING, March 22, 1920:

This suit is for damages resulting from a street improvement. Prior to 1916 the section of Wyoming avenue between Larch and Marion streets, being two blocks, in the City of Scranton, was an unimproved earth road, upon which plaintiff's residence abutted. His lot was then somewhat above the street, and that year the city began the grading and paving of this part of the avenue; in the course of which it was cut down about four feet in front of his property. The improvement, practically converting the road into a parkway, was completed in 1917, when viewers were appointed to assess

damages and benefits. Their report awarded plaintiff
a small net amount of damages, and he appealed there-
from to the court below, where an issue was framed and
jury trial had, resulting in a verdict in his favor for a
much larger sum; and from judgment entered thereon
the city brought this appeal.

The trial judge correctly instructed the jury that the
measure of damages was the difference in the market
value of plaintiff's property as a whole before and after
the improvement (Phila. v. Conway, 257 Pa. 175; Mead
v. Pittsburgh, 194 Pa. 392, 396; Chambers v. South
Chester Boro., 140 Pa. 510; and see Edsall v. Jersey
Shore Boro., 220 Pa. 591, 597), but erred in confining
the benefits, to which the city was entitled, to such as
were special or peculiar to plaintiff's property as dis-
tinguished from other properties facing upon the avenue
within the two blocks. The true rule in such case is
that the municipality is entitled to the benefits special
to abutting property and no less so because all other
properties along the line of the improvement may be
similarly situated. Otherwise, where all the lots abut-
ting upon an improvement were at a like elevation, up
to which the street was graded, the city could assess no
benefits against them therefor, no matter how much
their value might be enhanced; or if all the property
through which a street was opened consisted of an undi-
vided block, no benefits could be assessed against it or
any part of it. The abutting owner, however, is not to
be charged with any general indefinite appreciation of
the value of property in the neighborhood, as distin-
guished from special benefits to his and other abutting
properties, resulting from the improvement: Rudderow,
Trustee, v. Phila., 166 Pa. 241; Dawson v. Pittsburgh,
159 Pa. 317; Greenawalt v. West Newton Boro., 64 Pa.
Superior Ct. 576; and see note to Peoria B. & C. T. Co.
v. Vance, 9 L. R. A. (N. S.) 807. For example, the de-
velopment of an important avenue is of common advan-
tage to all property in the vicinity, whether located

thereon or not, and this the abutting owner is entitled to share with his neighbors; hence, in passing upon the question of the market value of abutting property, as affected by the improvement, the jury should not charge the owner with any general appreciation of land values in the locality thus indirectly resulting from the development of the avenue and common to nonabutting as well as abutting property. However, the difference between the two because of the direct contact of the latter with the improvement is marked, and must be considered by the jury, and the city given credit for the special advantages thereby accruing, although like advantages also accrue to other properties upon the line of the improvement. In the language of Mr. Justice WILLIAMS in Aswell v. Scranton, 175 Pa. 173, 181: "If every property along the street was made more accessible, then every property along the street was specially benefited, and the amount of that benefit should be set off against the damages, if any, inflicted by the improvement as made. It is the actual loss suffered for which the lot owner should be compensated." To like effect is Burns v. Reynoldsville Boro., 48 Pa. Superior Ct. 122. The same rule has often been applied in assessing damages for land taken for railroad right-of-way: Mahaffey v. Beech Creek R. R., 163 Pa. 158; Setzler v. Penna. Schuylkill Valley R. R., 112 Pa. 56; Long v. Harrisburg, etc., R. R., 126 Pa. 143.

The crucial error of the court below was in limiting the benefits to such as were special to plaintiff's property as compared with other properties on the line of the improvement, when it should have been as compared with other properties in the neighborhood.

So far as relates to the pavement, the benefit conferred thereby is its cost as properly assessed against urban property by the foot front rule: Scranton v. Koehler, 200 Pa. 126; Witman et al. v. Reading City, 169 Pa. 375; Washington Avenue, 69 Pa. 352; Phila. v. Ginhart, 48 Pa. Superior Ct. 648. But the case at bar pre-

sents other features, including change of grade, and must be adjusted under the rule of market value. An appeal from the award of viewers brings up the whole case, including both damages and benefits, as it is from the net amount only (Act of May 15, 1913, P. L. 215), and the proceedings in the common pleas are de novo.

The judgment is reversed and a venire facias de novo awarded.