## Sweeney *v.* City of Scranton, Appellant.

*Municipalities—Streets—Change of grade — Pavements—Damages—Benefits—Assessments—Appeals—Acts of May 15, 1913, P. L. 215, and May 28, 1915, P. L. 573.*

Where a municipality cuts down the grade of a road, the owner of the abutting property is entitled to damages measured by the difference in value of the property before and after the improvement. The municipality is entitled to have considered the benefits special to the abutting property, and no less so because all the other properties along the line of the improvement may be similarly benefited.

The benefits to be considered are not limited to such as are peculiar to the plaintiff's property, as compared with other property abutting on the improvement, but should be compared with other properties not abutting upon the improvement.

The appeal from the award of viewers brings up the whole case, including both damages and benefits, as it is from the net amount only and the proceedings in the common pleas are de novo.

The Act of May 15, 1913, P. L. 215, was not repealed by the Act of May 28, 1915, P. L. 573. Neither in the title or the body of the statute is there any foundation for a suggestion that it was the legislative intention to change the existing law regulating the reports of viewers and appeals from their findings.

Argued March 2, 1920. Appeal, No. 20, March T., 1920, by defendant, from judgment of C. P. Lackawanna County, Oct. T., 1916, No. 176, on verdict for plaintiff in the case of Mary Sweeney v. City of Scranton. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Appeal from award of viewers. Before NEWCOMB, J.

The facts are stated in the opinion of the Superior Court.

Defendant presented the following points:

4. "In determining the effect upon the market value of plaintiff's property caused by the improvement of Wyoming avenue the jury should take into consideration all the benefits to such property, if any, resulting from such improvement, and this is true even though the jury may further find that any or all the other properties abutting on said improvement received similar benefits.

"Answer. I am unable to affirm that, and it is therefore denied."

5. "In determining the market value of plaintiff's property, if the jury find and believe that plaintiff's property sustained both injuries and benefits from the said improvement of Wyoming avenue, a balance should be struck between the two, and if the damages exceed the benefits, their verdict should be for the plaintiff in the amount of the difference, but if the benefits exceed or

equal the damages, their verdict must be for the defendant.

"Answer. That is affirmed only upon the theory that the benefits here referred to, which you have a right to take into consideration in mitigation of any possible damages, would be benefits which would be peculiar and special to this property, and not common to all of the properties affected by the improvement. As to those which are common to all of the properties affected by the improvement this lady has paid her share, because that is the theory upon which improvements are laid and paid for, that so far as her property in common with other properties affected by the improvement, situated along its line, are improved, pro rata, her property must pay for the cost of the improvement. That is the reason why any benefits now to be charged against any damages which you possibly find in her favor, must be special to her property rather than general in which all the properties along the line are entitled to share, because they are required to pay."

6. "If the market value of plaintiff's said property in the condition caused by the improvement exceeds the market value of said property prior to said improvement the verdict of the jury should be for the defendant in the amount of such excess.

"Answer. Refused."

Verdict and judgment for plaintiff for $650. Defendant appealed.

*Errors assigned,* among others, were (1, 2, 3) above instructions, quoting them.

*R. S. Houck,* City Solicitor, and with him *Jerome K. Barrett,* Assistant City Solicitor, for appellant, cited: Grant Street, 17 Pa. Superior Ct. 459; Aswell v. Scranton, 175 Pa. 173; Burns v. Reynoldsville Boro., 48 Pa. Superior Ct. 122,

*R. Harris,* of *Knapp, O'Malley, Hill & Harris,* for appellee.—The only benefits that can be set off are such as are special and peculiar to the abutting property and resulting strictly from the improvement: Dawson v. Pittsburgh, 159 Pa. 317; Rudderow v. Phila., 166 Pa. 241; Long v. Harrisburg, etc., R. R. Co., 126 Pa. 143; Greenawalt v. West Newton Boro., 64 Pa. Superior Ct. 576.

OPINION BY PORTER, J., July 14, 1920:

The City of Scranton duly passed an ordinance authorizing the grading, curbing and paving of two squares of Wyoming avenue, and the work was done in pursuance thereof. The city having undertaken to grade, pave and curb the street in a single proceeding, as it had the right to do, viewers were appointed by the court below to assess the damages and benefits arising from the improvement. Mary Sweeney was the owner of lot No. 38, in block 15, abutting upon the line of the improvement, and the report of viewers made the following assessment against that lot, viz: "Benefits $312.10, damages $250, net benefits $62.10." Mary Sweeney, the plaintiff in this action, appealed from each of the three elements of that assessment, the benefits, the damages and the net benefits. The trial of the appeal resulted in a verdict and judgment in her favor; and from that judgment the city took this appeal.

The trial judge instructed the jury that the measure of damages was the difference in the market value of plaintiff's property as a whole before and after the improvement, but erred in instructing that the benefits to the property, which it was the right of the city to have the jury consider, should be confined to such as were special to plaintiff's property, as distinguished from other properties abutting upon the part of the street improved. The true rule in such cases is that the municipality is entitled to have considered benefits special to abutting property, and no less so because other properties abutting upon the improvement may be similarly

benefited. "If every property along the street was made more accessible, then every property along the street was specially benefited, and the amount of that benefit should be set off against the damages, if any, inflicted by the improvement as made. It is the actual loss suffered for which the lot owner should be compensated": Aswell v. Scranton, 175 Pa. 173; Burns v. Reynoldsville Boro., 48 Pa. Superior Ct. 122. The crucial error of the court below was in limiting the benefits which the jury should consider to such as were peculiar to plaintiff's property as compared with other property abutting upon the improvement, when it should have been as compared with other properties not abutting upon the improvement. The learned judge may have been led into this error by the fact that the report of viewers disclosed that the estimate of the benefits made by the viewers was based upon the cost of the curb and paving in front of the plaintiff's property. The answer of the court to the fifth request for instructions submitted by the city, and also, the opinion of the learned judge refusing a new trial, indicate that the court was of opinion that the plaintiff would still have to pay to the city the amount of the benefits fixed by the report of viewers, no matter what the verdict of the jury might be in this case. This was also erroneous. The plaintiff had appealed not only from the assessment of damages, but also from the assessment of benefits and from the net assessment of benefits, and that appeal superseded the report. The viewers had in making up their report proceeded strictly in accordance with the provisions of the Act of May 15, 1913, P. L. 215, exercising the privilege authorized by that statute of reporting separately the damages and benefits, respectively, but they had, as by the statute required, stricken a balance, between the damages and benefits, "and carried the difference forward to another column," and the assessment showed what amount Mary Sweeney was to pay to the city, to wit, $62.10. The viewers having strictly complied with the statute and fixed

the net amount of the assessment, the manner of appealing therefrom is specifically regulated by the statute which provides: "Appeals hereafter taken from the report of the board of viewers shall be from such net amount only." This express legislative command must be respected, and neither the courts nor the parties have authority to repeal it or limit its scope, by injecting some other question into a feigned issue. It has been argued by the learned counsel representing the appellee that the Act of 1913 was repealed by the Act of May 28, 1915, P. L. 573, but such contention cannot be sustained. The Act of 1915 amended the eighth section of the Act of May 16, 1891, P. L. 75, but it contains no express repeal of the Act of 1913, nor is there anything in its provisions which would warrant a court in holding that there was a repeal by implication. It is very clear that the only change which it was the legislative intention to effect in the preëxisting law, by the Act of 1915, was to authorize municipalities to make improvements in streets, "in the space between the curb, gutter, or actual carriageway line and the property line, either by an original work or improvement thereof,......by the placing and construction of a sidewalk, curb, parking space, or shade trees, etc." Neither in the title nor in the body of the statute is there any foundation for a suggestion that it was the legislative intention to change the existing law regulating the reports of viewers and appeals from their findings. An appeal from the award of viewers brings up the whole case, including both damages and benefits, as it is from the net amount only that the appeal can be taken, and the proceedings in the common pleas are de novo.

This was not the only appeal from the report of viewers in the proceeding with which we are now dealing. Thomas Gaughan appealed from this same report and upon the trial of his appeal, under the same rulings by the court below which are complained of in this case, he recovered a judgment, from which the city appealed to

the Supreme Court. The Supreme Court, on March 22, 1920, reversed the judgment in the case of Gaughan v. City of Scranton, and the opinion of Mr. Justice WAL-LING, 266 Pa. 586, disposed of all the questions involved in this case adversely to the contention of the appellee. The specifications of error are sustained.

The judgment is reversed and a venire facias de novo awarded.