## James J. Mead, Appellant, *v.* The City of Pittsburg.

*Road law—Change of grade—Damages—Evidence.*

Where a lot is situated in a natural depression of the surface below the grade of all surrounding streets, and the city raises the grade of an adjoining street above the grade of the lot, the fact of such additional elevation, as affecting the value of the property after the change, may be shown, but not the specific cost of changing the whole surface of the property by lifting it all up to the new grade.

Argued Nov. 2, 1899. Appeal, No. 185, Oct. T., 1899, by plaintiffs, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1893, No. 313, on verdict for plaintiff. Before GREEN, MC-COLLUM, MITCHELL, FELL and BROWN, JJ. Affirmed.

Appeal from jury of view. Before EVANS, J.

At the trial it appeared that plaintiff owned a lot which was in a natural depression below the level of the surrounding streets. In the improvement of Wightman street the city raised the grade of the street several feet above the grade of plaintiff's lot abutting on it.

When S. H. Ralston, a witness for plaintiff, was on the stand, he testified as follows :

" Q. Have you made a calculation as to the amount of earth that would be required to bring this ground up to the level of Wightman street? A. Yes, sir, I did. Q. Now what is that amount ? "

Objected to as incompetent and irrelevant.

The Court: Objection sustained, exception allowed and bill sealed. [1]

" Q. Can you tell what amount of fill would be necessary to bring this property to the grade of Wightman street, irrespective of Solway street and Wilkins avenue ? "

Objected to, because it is a question that cannot be answered intelligently, no matter what his opinion may be in reference to it, whether he says yes or no ; he cannot do it without affecting the other streets.

The Court: We will hear it at present.

" A. I would not know how to answer that question, put in that way. I could tell how much it would take to fill it to

Wightman street, but as to affecting the other two streets, I would not know how to answer that. Q. Could you not give the proportionate amount, judging by the level, as it stands in regard to Wilkins avenue and Solway street, what amount would make this property suitable for building on Wightman street? A. I would think, necessarily, it would have to be filled up to the grade of the other two streets. Q. Why? A. If you didn't, it would be lower than the adjoining streets."

\*   \*   \*   \*   \*   \*   \*   \*

Counsel for plaintiff, having proved by the witness on the stand and by the figures marked upon the draft which he had proved, the depths of the various portions of plaintiff's ground below the levels of Wightman street and the other streets, proposed to prove by the witness what those depths amounted to in cubic yards of earth, for the purpose of introducing testimony to show what proportion thereof should be taken into calculation in regard to the value of the front on Wightman street.

Objected to by defendant as incompetent and irrelevant, the witness having already stated that he could not give figures without affecting Wilkins avenue and Solway street.

The Court: Objection sustained, exception allowed and bill sealed. [2]

Plaintiff's second point and the answer thereto were as follows:

In estimating the damage to the plaintiff's property, the jury have a right to consider the cost of bringing the property to the grade of Wightman street and the increased expense of carrying the foundations of proposed dwellings fronting thereon down to a solid foundation, as bearing upon the market value of said property before and after the improvement. *Answer:* This point is refused, as it is stated, there being no evidence submitted to you as to the cost of grading, or bringing the plaintiff's property to the grade of Wightman street. You could not take into consideration, in arriving at your verdict, what the cost would be, because you do not know it. However, as I have said before, you take into consideration the location of the property immediately as it exists after the fill, the fact that it was below the grade of the street, and any other fact as affected by the change of grade. [3]

Verdict aud jugdment for plaintiff for $1,000.　Plaintiff appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions; (3) above instructions, quoting them.

*W. K. Jennings,* with him *W. G. Wasson,* for appellant.—The appellant's second point, which is embraced in the assignment of error, carefully guards against the idea that the evidence offered was for the purpose of establishing an independent item of claim, and the whole case seems to have been ruled exactly on the case of Patton v. City of Philadelphia, 175 Pa. 88.

Where a street is opened at a grade that leaves the adjoining property in a depression, the expense of putting the property in condition to make use of the street was held in Dawson v. Pittsburg, 159 Pa. 317, to be one of the elements of damage; and it was proper to treat it as a part of the case for damages for the taking: Righter v. Philadelphia, 161 Pa. 73.

*T. D. Carnahan,* with him *Clarence Burleigh,* for appellee, cited Dawson v. Pittsburg, 159 Pa. 317.

OPINION BY MR. JUSTICE GREEN, January 2, 1900:

In this case the plaintiff is the owner of a tract of land containing about four acres, and surrounded by city streets on all sides. The whole lot was situated in a depression of the surface below the grades of all the streets, and was irregular in shape on its surface, being at some points lower than at others.　In the improvement of Wightman street which is one of the adjoining streets, the city raised the grade of the street several feet above the grade of the plaintiff's lot, so that at the time of the trial the property was about an equal depth below the present grade of the three streets.　On the trial the plaintiff sought to prove what it would cost to fill up the whole lot to the level of Wightman street in order to affect the question of the damages to which the plaintiff would be entitled, not as a distinct element of damage to be recovered by itself, but as affecting the difference in market value before and after the change of grade.　These offers were refused by the court below, and the assignments of error are to this action of the court.

We think the case comes within the ruling of this Court in Chambers v. South Chester Borough, 140 Pa. 510. There, as here, the lot was below the level of the street, and it was sought to prove how much it would cost to fill up the lot to the level of the changed grade of the street, and also the cost of raising the building on the lot and erecting retaining walls to hold the earth filling. But the court below rejected the offers, holding that there could be no recovery for such matters, but only for the difference in value of the property before and after the change. We sustained this ruling and affirmed the judgment. In the case of Dawson v. Pittsburg, 159 Pa. 317, where a similar question arose, our Brother MITCHELL delivering the opinion said : " The case of Chambers v. South Chester Borough, 140 Pa. 510, is not at all in conflict with these views. In that case, which was closely analogous in its facts to this, the plaintiff offered to prove the cost of filling up the lot to a level with the street at its new grade, but the offer was excluded by the court " because it does not appear that it was a level lot formerly," and, further, the court said, " You may show that the house had to be raised, but I don't think the cost will be evidence," i. e., of a separate item of damages. That this was the meaning of the court is clear from the charge further on, where it is said, " You may consider these several matters as elements in the cause, but you are not to award damages for the building of walls or the filling up of lots as special damages."

It will be perceived that the present case is not an instance where, by a change in the grade of the street, the property is left in a condition different from what it was before the change of grade was made. In that kind of a case the change of grade has inflicted a special change in the condition of the property as it was, for which the party is entitled to be compensated, because a restoration to the original condition as nearly as may be is a subject of necessary expenditure which may be properly shown, not as a basis of specific recovery, but as affecting the value before and after the injury. But here the whole lot of the plaintiff having already been below the level of the adjoining streets, the plaintiff is not entitled to have his entire property lifted up to the level of the street as it is made by raising the grade. There is simply an increase in the elevation of the grade, and the fact of such additional elevation, as affecting the value of the property after

the change, may be shown, but not the specific cost of changing the whole surface of the property by lifting it all up to the new grade. The surface never was at such an elevation, and there is no obligation to put it there, but if the fact of the additional elevation of the grade is an injury to the market value of the property, the extent of that injury may be shown, and that is the difference in market value before and after.

In Patton v. Phila., 175 Pa. 88, the natural condition of the property with reference to the street was changed. The grade was elevated, and this created a depression of the land below the grade which had never before existed. This was an element of damage in the determination of which we held that it was competent to prove the cost of establishing a new connection with the street, as something to be considered in determining the change of value. In such a case we held this proof should be received for the proper information of the jury. In the case now under consideration it will be seen at once that to admit the evidence offered would involve a most intricate and complicated condition of things which would not be essential to the determination of the main question, to wit: the difference in value of the property before and after the change of grade, and would necessarily tend to confuse and mislead the jury. It would be entirely competent for any well informed and intelligent witness to form an opinion as to whether the property would be worth as a whole more or less after the change than before, but to go into proof of an expenditure necessary to put the property in a shape and condition in which it never was before, and then to eliminate what proportion of this expenditure should be assigned to the part of the property bordering on Wightman street was something even the experienced engineer of the plaintiff said he could not do. The damages to be recovered under such a line of proof would be entirely too uncertain, remote and speculative to be safely relied on in a jury trial. We are of opinion that the view taken by the court below of this subject was correct, and therefore the assignments of error are dismissed.

Judgment affirmed.