# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

## Shaffer *v.* Reynoldsville Borough, Appellant.

*Evidence—Witness—Opinion of witness—Grounds for opinion—Real estate values—Road law.*

1. Where a witness properly qualified has given an opinion as to real estate values, he may be permitted to state the grounds upon which his opinion is based.

2. In a proceeding to assess damages for injuries to land caused by the change of grade of a street, a witness may be permitted to state the cost of restoring the property to its former state of ease of access from the street, not as an independent and distinct item of damages, but as furnishing some means to enable the jury to determine how much less the property is worth after the change of grade than it was before.

Argued May 2, 1910. Appeal, No. 29, April T., 1910, by defendant, from judgment of C. P. Jefferson Co., Aug. T., 1905, No. 9, on verdict for plaintiff in case of Jennie J. Shaffer v. Reynoldsville Borough. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Appeal from report of viewers. Before REED, P. J.

At the trial it appeared that the defendant borough had raised the grade of Main street in front of the plaintiff's premises in 1904. Plaintiff contended that the raising of the grade had cut off access from the street to

her property, and that it had depreciated the market value of the property to the extent of $300.

When Joseph Shaffer, a witness for the plaintiff, was on the stand he was asked this question:

"Q. What was necessary to be done to restore this property to its former usefulness? A. To put in these new sills, you mean? Q. To restore this property so that it would be as convenient to the grade of the street as it was before that? A. I gave my estimate. Q. Did the house have to be raised? A. To fill in the lot and raise the house. Q. What did it cost to raise that building?"

Objected to. As an element of market value this cannot come in this way.

The Court: If it was necessary to raise the building I think that would be one of the elements to be considered.

Mr. Flynn: The courts have decided that the cost of raising the building or of filling is immaterial and irrelevant and cannot be asked.

The Court: I do not so understand the law. If it is necessary to fill or to raise the building those are elements of damage. After all it comes back to the question of whether there was any depreciation in the market value of the property by reason of the improvements, but that does not preclude the defendant from showing the elements that entered into it.

Mr. Corbet: The question is objected to as incompetent, irrelevant and immaterial.

The Court: The witness has stated that in order to restore this building so that it would be as convenient and in as good condition as it was prior to the change of the grade in the street that it was necessary to raise the building and fill in the lot. And while the cost of restoring the building cannot be introduced in evidence as the measure of damages in this case, we think it is an element to be considered by the jury with all the other facts and circumstances in the case. The objection is overruled and the testimony admitted. And at the request

of its counsel a bill of exceptions is sealed to the defendant. [1]

Verdict and judgment for plaintiff for $246. Defendant appealed.

*Errors assigned* were (1) admission of the evidence of Joseph Shaffer and (2) refusal to strike it off.

*Charles Corbet*, with him *Clement W. Flynn*, for appellant.—We submit the matters we complain of were inadmissible under the decisions: Allegheny v. Black, 99 Pa. 152; Chambers v. South Chester Boro., 140 Pa. 510; Grugan v. Phila., 158 Pa. 337; Shano v. Bridge Co., 189 Pa. 245; Mead v. Pittsburg, 194 Pa. 392; McCombs v. Pittsburg, 194 Pa. 348; Bond v. Phila., 218 Pa. 475; Edsall v. Jersey Shore Boro., 220 Pa. 591; Markle v. Phila., 163 Pa. 344.

*Geo. M. McDonald*, with him *A. L. Cole*, for appellee, cited: Patton v. Phila., 175 Pa. 88; Mead v. Pittsburg, 194 Pa. 392; Wilkey v. Phila., 180 Pa. 146.

OPINION BY HENDERSON, J., July 20, 1910:

The action of the court in admitting the evidence contained in the first assignment was in accordance with the decisions in Chambers v. South Chester Boro., 140 Pa. 510; Dawson v. Pittsburg, 159 Pa. 317, and Patton v. Phila., 175 Pa. 88. It is not to be doubted that the measure of damages is the difference in value before and after the improvement and the inquiry of the jury must be directed to a finding on that point, but this does not mean that when a witness has given his opinion as to these values he is not permitted to state the reasons which lead him to the conclusion given in his testimony. One witness may have a more convincing reason for his opinion than another and the opinion so backed up and supported would aid the jury much more in arriving at a just verdict than would the unexplained opinion. The injury com-

plained of was that the city had elevated the street and thereby made the property of the appellee less accessible and convenient, and one means of ascertaining the extent of this injury is the cost of restoring the property to its former state of ease of access from the street. Evidence of this character is not admissible as an independent item to be added to others to make up the aggregate of the owner's loss, but it furnishes some light to direct the jury in determining how much less the property is worth after the change than it was before. In Mead v. Pittsburg, 194 Pa. 392, it was said: "In Patton v. Philadelphia, 175 Pa. 88, the natural condition of the property with reference to the street was changed. The grade was elevated and this created a depression of the land below the grade which had never before existed. This was an element of damage in the determination of which we held that it was competent to prove the cost of establishing a new connection with the street, as something to be considered in determining the change in value. In such a case we held this proof should be received for the proper information of the jury." It goes without saying that evidence of the cost of producing a condition of the property which had never before existed would be incompetent and that was the controlling consideration in Bond v. Phila., 218 Pa. 475. There the lot was five feet below the surface of the street before the change of grade and after the change was sixteen feet below the surface. The proposition was to prove what it would cost to bring the surface of the whole lot up to a level five feet below the street as elevated. With reference to that the court said: "The whole lot of the plaintiff having already been below the level of the adjoining streets the plaintiff is not entitled to have his entire property lifted up to a level with the street as is made by raising the grade. There is simply an increase in the elevation of the grade and the fact of such additional elevation as affecting the value of the property after the change, may be shown, but not the specific cost of changing the whole surface of the

property by lifting it all up to a new grade." In the same opinion the court referring to Mead v. Pittsburg, 194 Pa. 392, said: "The opinion recognized the right to show the cost of restoration to the original condition where such expenditure is a necessary one; as where by a change in the grade of a street a lot, which before was on a level with the street, has been left above or below it." It was further said with reference to that case, "The plain logic of the decision is that where conditions have been interfered with which called for no change in order to make the land available and adaptable for the purposes which determine its market value . . . . the restoration of these conditions is what the general buyer would contemplate, and the cost of such restoration is to be regarded as a necessary expenditure for which the party is entitled to compensation; not, however, to be made the basis of specific recovery, but to be considered as an element affecting the market value of the land." Edsall v. Jersey Shore Boro., 220 Pa. 591, is not inconsistent with these cases but approves them. The offer in the court below in that case was to prove by a civil engineer in the service of the N. Y. Central Railroad that the Edsall building should be raised to the new grade and to prove by the witness what that would cost. The trial judge in passing on the competency of the evidence stated that after a witness had given his estimate of the market value of the property before and after the change it would be competent to show by him of what items his estimate was made up but that it was not permissible to introduce as a distinct proposition independent of the question as to whether or not the change affected the market value of the property as a whole what the cost of raising the building would be. And it was this ruling which was approved by the Supreme Court. The facts in the appellee's case bring it within the principle of these decisions. Her property was at grade with the street before the change and was adapted to the uses to which it was then put. The elevation of the street made the

property less valuable and involved the necessary expense of a change which would give convenient access to the street. To overcome this disadvantage an outlay would be necessary and the amount of this would be one of the considerations which would aid largely in determining what damage had been caused by the elevation of the street. The witness had testified in regard to the amount of damage resulting from the change, and evidence of the cost of the grading was admitted not to permit the owner to recover for that as a distinct item of damage but to give some indication of the basis of the estimate of the witness on the whole amount of the damage, the witness having stated that in order to restore the building so that it would be as convenient and in as good condition as it was prior to the change in the grade it was necessary to raise the building and fill in about it. The trial judge said in answer to the objection to the competency of the evidence: "While the cost of restoring the building cannot be introduced in evidence as the measure of damages in this case we think it is an element to be considered by the jury with all of the other facts and circumstances." This we regard as a correct statement of the law in the light of the decisions cited.

The second assignment raises the same question on a motion to strike out a part of the testimony of the witness. The small items of expense for filling about the house were not admitted by the court as specific elements of damage, as clearly appears from the charge of the court. They relate to work done about the house and not to expense of filling the whole lot, and the reason for overruling the first assignment is equally conclusive with regard to the second.

The judgment is affirmed.