# Ebberts v. Edgewood Borough, Appellant.

*Road law—Boroughs—Change of grade—Abutting lot owners—*
*Measure of damages—Evidence.*

1. In a change of grade proceeding, the question in determining the measure of damages is not what was the changed condition in any part of the street, but what was the changed condition of the street throughout its whole width, and how did the changed condition affect the market value of the plaintiff's property.

2. In such case it is not error for the court to overrule an objection to the question, "How far did the grade there leave that property, that lot, below the street, at the street line of the property," propounded to one of the plaintiffs where the objection was founded on the contention that the question of the amount of the change of grade should be confined to the center line of the street.

3. In a change of grade proceeding, where the evidence is conflicting as to whether certain lots were below the original grade, and there is sufficient evidence to sustain a finding that prior to the improvement the land was practically on a level with the grade of the street, it is not error for the court to admit evidence to the effect that considerable expenditure is necessary in filling in parts of such property so that it can be utilized at the new grade.

4. In such case the fact that an abutting property owner testified as to an amount spent in filling in his property to bring it up to the level of the new grade, instead of testifying to the probable reasonable cost of making the necessary fill, is not material where there is ample evidence given by other witnesses concerning the size of the fill and its proper cost per cubic yard, to show the reasonableness of the expenditure, particularly where another of the plaintiff's witnesses was permitted without objection to give precisely the same testimony as that complained of, and where the court instructed the jury that none of the testimony upon the subject of the fill was to form the basis of their "calculation" or of their "verdict," but was simply to show "what will have to be done in order to bring this property into use," and where the court further instructed the jury that they must "bear in mind that the measure of damages, the basis upon which you will find your verdict, is the market value of this property before the improvement was made and its market value immediately after the improvement was made as affected by the improvement of the street," and a verdict and judgment for plaintiff was sustained.

Argued Nov. 6, 1913.  Appeal, No. 55, Oct. T., 1913, by defendant, from judgment of C. P. Allegheny Co., Dec. T., 1910, No. 867, on verdict for plaintiffs in case of William M. Ebberts, Lula A. Ebberts and Adam R. Hays v. The Borough of Edgewood.  Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ.  Affirmed.

Appeal from award of viewers.  Before EVANS, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiffs of $1,860, and judgment thereon. Defendant appealed.

*Errors assigned* were rulings on evidence, as referred to in the opinion of the Supreme Court, and in discharging defendant's motion for a new trial.

*John D. Meyer,* for appellant.

*G. C. Lewis,* with him *George W. Flowers,* for appellees.

OPINION BY MR. JUSTICE MOSCHZISKER, January 5, 1914:

This is a change of grade proceeding; judgment was entered on a verdict for the plaintiff, and the defendant has appealed.  The first assignment of error complains of the overruling of an objection to this question, "How far did the grade there leave that property, that lot, below the street, at the street line of the property?" propounded to one of the plaintiffs when upon the stand. The appellant contends that "the question of the amount of the change in the grade should be confined solely to the center line of the street," and it argues that the testimony objected to was improper because it referred to the side-line of the street next to the abutting property and not to the center line of the highway.  The trial judge was clearly right in the ruling under consideration; as stated in the opinion of the court below, "The question

is not what was the changed condition in any part of the
street, but what was the changed condition of the street
throughout its whole width, and how did that changed
condition affect the market value of the plaintiff's
property."

The second assignment complains of testimony given
by one of the plaintiffs to the effect that he had ex-
pended $1,500 in filling parts of the property, "so it
could be utilized" at the new grade.  The appellant con-
tends that the court erred in admitting this proof, be-
cause before the change "part of the property was below
the original grade of the street and part was at or above
the grade," and it argues that with the land in this con-
dition any evidence upon the subject of a fill was irrele-
vant and inadmissible, citing, Chambers v. South Ches-
ter Boro., 140 Pa. 510; Mead v. Pittsburgh, 194 Pa. 392;
McCombs v. Pittsburgh, 194 Pa. 348; Bond v. Philadel-
phia, 218 Pa. 475; Edsall v. Jersey Shore Boro., 220 Pa.
591.  On the other hand the appellees argue that the au-
thorities depended upon by the appellant have no appli-
cation, because before the improvement "the property
was at, or practically at, the grade of the street"; and to
show that under such circumstances the testimony was
proper they cite, Dawson v. Pittsburgh, 159 Pa. 317;
Patton v. Philadelphia, 175 Pa. 88; Shaffer v. Reynolds-
ville Boro., 44 Pa. Superior Ct. 1; Hill v. Oakmont
Boro., 47 Pa. Superior Ct. 261.

A conflict appears in the proofs on the lay of the land
in relation to the grade of the street before the change.
Many of the witnesses stated that the lots were practi-
cally on a grade with the street, while others gave testi-
mony to the contrary; hence, in view of the verdict, we
must assume that the jury found this material fact as
contended for by the plaintiffs.  Since there was evi-
dence sufficient to sustain a finding that prior to the im-
provement the land was practically on a level with the
grade of the street, the cases relied upon by the appel-
lant do not apply, and under those cited by the appellee

evidence of the general character of that in question was relevant and admissible. The fact that the particular witness whose testimony is assigned for error stated an amount spent, instead of testifying to the probable reasonable cost of making the necessary fill, is not material here, for there was ample evidence given by other witnesses concerning the size of the fill and its proper cost per cubic yard to show the reasonableness of the expenditure; moreover, another of the plaintiffs' witnesses was permitted without objection to give precisely the same testimony as that complained of; and finally, the trial judge instructed the jury that none of the testimony upon the subject of the fill was to form the "basis" of their "calculation" or of their "verdict," but that it was simply to show "what will have to be done in order to bring this property into use," and he told them, more than once, that they must "bear in mind that the measure of damages, the basis from which you will find your verdict, is the market value of this property before the improvement was made, and its market value immediately after the improvement was made, as affected by the improvement of the street."

The third assignment of error is general in its terms and requires no special consideration other than to say that we are not convinced that the verdict is either "against the law" or "the evidence." The trial consumed considerable time and a great deal of testimony was taken; those charged with the responsibility and possessed of the right to fix the facts found them against the appellant, and since no substantial error appears upon the record, the verdict must stand.

The assignments are all overruled and the judgment is affirmed.