Levinson *v.* Commonwealth, Appellant.

Argued April 21, 1959.   Before Jones, C. J., Bell, Musmanno, Jones, Cohen and Bok, JJ.

*Frank Edward Roda,* Chief Right of Way Counsel, with him *Donald Blanken* and *Joseph R. Ritchie,* Assistant Attorneys General, *John R. Rezzolla,* Chief Counsel, Department of Highways, and *Thomas D. McBride,* Attorney General, for Commonwealth, appellant.

*John J. Collins,* with him *William F. Heefner,* and *Curtin and Heefner,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, May 28, 1959:

The plaintiffs owned in Bucks County a tract of land embracing an area of 16½ acres. In 1953 the Commonwealth of Pennsylvania, through eminent domain proceedings, condemned approximately a half acre of this land for the purpose of widening and relocating a road which bordered the plaintiff's property. A board of viewers awarded the plaintiffs $25,-000 in damages. On appeal to the court of common pleas, the jury returned a verdict of $31,860.

The Commonwealth asks for a new trial averring that the trial court erred (1) in not permitting Commonwealth's counsel to cross-examine a witness for the plaintiffs as to whether he took into consideration, in arriving at his estimate of market value, the purchase price of the property; and (2) in admitting testimony on behalf of the plaintiffs as to the estimated cost of an improvement which would adapt the land for commercial purposes whereas it had not been so used prior to the condemnation.

The first reason is without merit. The purchase price of land may be wholly misleading as to its precondemnation market value since the value of real estate in the area involved may have vertically zoomed or perpendicularly dropped because of conditions which do not apply exclusively to the condemned land itself.

In the case of *Berkley v. Jeannette*, 373 Pa. 376, 381, this Court said: "When an owner of property offers himself as a witness upon the trial of his claim for damages due to a condemnation of his property or a portion of it, he may be asked on cross-examination what he paid for the property, if his acquisition thereof is not so remote as to deprive the purchase price of any relevant evidentiary worth; and, that is so, whether or not he testified to the value of his property upon direct examination. Introduction of the purchase price is not permitted, however, in order to influence, by comparison, the jury's determination of the property's value at the time of the condemnation."

The question put by Commonwealth's counsel in the case at bar could not qualify under any of the criteria indicated. The witness was not the plaintiff but an expert witness. Of course, if the expert had, in his direct examination, spoken of purchase price, or, even in cross-examination, volunteered some statement about purchase price, he would thus have opened the door of cross-examination on the subject. But here the cross-examiner attempted to force open the door himself. He asked the witness: "Of course, Mr. Happ, I don't suppose you took into consideration here what the Levinsons paid for the land, did you?" This constituted a very astute but vain attempt to circumvent the rule regarding irrelevancy of purchase price.

Moreover, the trial judge is vested with a certain discretion in matters of this kind. In *Thompson v. American Steel & Wire Company*, 317 Pa. 7, 11, this Court said: "He [the trial judge] is constantly faced with questions on evidence in their special relation to the issue to be tried. He must deal with such questions in the light of the purposes of the ultimate inquiry and does so in the exercise of what is known as judicial discretion. He should see that nothing rele-

vant is excluded, so long as its admission will not unduly distract the attention of the jury from the main inquiry, by first requiring the ascertainment of an unnecessary quantity of subordinate facts from which the main inferences would ultimately be made. His conclusion or decision on such points will not be interfered with on appeal save for manifest abuse of power. He must, therefore, determine in the first instance whether evidence which, though logically relevant on the ultimate issue, may nevertheless be excluded, because its general effect on the trial will be to confuse the issue by distracting the attention of the jury from the primary to collateral issues . . ."

The lower court in the case at hand properly excluded the attempted cross-examination. However, it erred in allowing testimony which placed upon the jury a burden which it was not equipped to carry. William S. Erwin, called by the plaintiff, was permitted to give an estimate of the cost required, not to restore the property to its original state, but to an extent which would make it considerably more valuable than it was prior to the condemnation. The trial judge recognized that this estimate would not constitute a proper standard in the final computation of damages. However, instead of excluding it, he told the jury that it could deduct from the witness's estimate such advantage as the plaintiff derived by improvements which were not necessary because of the eminent domain proceedings. This imposed on the jury a calculation which it was not qualified to make, in the state of the record. The lower court sought to justify its action by saying: "The trial judge, recognizing that the cost estimates submitted by the plaintiffs' engineer did not reflect the *exact cost* of restoration of the grade as it existed immediately prior to condemnation, made it abundantly clear throughout the course of the trial and in his

charge that the jury should allow and consider as an element of damage bearing on the market value of the premises (if it concluded that any allowance should be made), only such part of the engineer's estimate as would be necessary to place the land in a comparable state and that the plaintiffs were not entitled to have the entire estimate considered or allowed in this connection, if it would result in a betterment of plaintiffs' land."

What the judge asked the jury to do was not permissible or even possible. In the case of *Mead v. Pittsburg*, 194 Pa. 392, the plaintiff, in making claim for damages resulting from the raising of the grade of a street on which his property abutted, introduced testimony on the cost for lifting all of his land, much of which was already below the level of adjoining streets. There, as here, the trial judge attempted to instruct the jury how it should deduct from the cost of the general improvements the amount expended for benefits to which the plaintiff was not entitled as a result of the particular eminent domain action in issue. This Court held that such calculation was not legal or feasible. "In the case now under consideration it will be seen at once that to admit the evidence offered would involve a most intricate and complicated condition of things which would not be essential to the determination of the main question to wit: the difference in value of the property before and after the change of grade, and would necessarily tend to confuse and mislead the jury. It would be entirely competent for any well informed and intelligent witness to form an opinion as to whether the property would be worth as a whole more or less after the change than before, but to go into proof of an expenditure necessary to put the property in a shape and condition in which it never was before, and then to eliminate what proportion of this expenditure

should be assigned to the part of the property bordering on Wightman Street (the street elevated), was something even the experienced engineer of the plaintiff said he could not do. The damages to be recovered under such a line of proof would be entirely too uncertain, remote and speculative to be safely relied on in a jury trial."

Judgment reversed with a v.f.d.n.

Mr. Justice BELL and Mr. Justice COHEN concur in the result.

Mr. Justice MCBRIDE took no part in the consideration or decision of this case.