## Greenawalt *v.* West Newton Borough, Appellant.

*Road law—Change of grade of borough street—Damages—Cost of retaining wall.*

In ascertaining the damages for injuries to property caused by a change of grade of a borough street, the jury may consider as an element affecting the market value before and after the change, the cost of a retaining wall, if such a wall is rendered necessary by the change of grade.

In such a case the borough cannot set off against the special damages to the plaintiff's property the subsequent increase of value of the property common to the entire neighborhood and produced or brought about by the improvement.

Argued April 18, 1916. Appeal, No. 145, April T., 1916, by defendant, from judgment of C. P. Westmoreland Co., Feb. T., 1914, No. 103, on verdict for plaintiff in case of R. G. Greenawalt v. West Newton Borough. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Appeal from award of jury of view in change of grade proceedings. Before COPELAND, P. J., of the Orphans' Court of Westmoreland County, specially presiding.

At the trial various witnesses for the plaintiff were permitted under objection and exception to testify as to the cost of a retaining wall alleged to have been made necessary by the change of grade. (1-5)

The court charged in part as follows:

["You have heard the testimony relating to the necessity of taking up the side walk and grading it down to correspond with the grade of the street and the cost thereof; the necessity for the construction of a retaining wall and the cost thereof; the necessity for the reconstruction of a portion of the steps leading up to the plaintiff's property and the cost thereof; the necessity for readjusting the terrace to harmonize with the improvements, along the plaintiff's property and the cost

thereof; the necessity for grading the driveway into the plaintiff's property and the cost thereof; and the necessity of taking up and relaying the sewers and drains and the cost thereof. You also have heard the testimony in relation to what it would cost to do this work, in a lump sum. The plaintiff alleges that it is necessary to alter his side walk and change his property in these respects by reason of the change of grade, and, while we say that the rule for the measure of damages is the difference between the market value immediately before and after the improvement; yet, these items are competent and admissible in evidence, not that they, in themselves are items of damage, but as elements bearing on the difference in the market value."]    (6)

["There is a difference, and as we said in the early part of our charge, when the witnesses do not agree you draw your conclusions from the items and reasons upon which they base their estimate of the depreciation or appreciation in the market value."]    (7)

Plaintiff presented these points:

"2. In making up your verdict, if you find in favor of the plaintiff, you are entitled to take into consideration the items of cost, if you believe the plaintiff's testimony and believe that such changes are necessary to render the property as it was before the injuries were committed by the borough, the cost of a retaining wall, relaying the pavement, rebuilding the steps, changing the sewer pipes, reconstructing the drive way, loss of trees, and such other items of damage as the plaintiff's testimony has shown as the result of the injury. These, however, are only to be taken into consideration in making up the difference in the market value before the injury complained of was committed and afterwards, and a sum that will compensate the plaintiff for the loss in the market value of his property is the sum that should be ascertained and found in favor of the plaintiff by your verdict." Answer affirmed.    (9)

Defendant presented this point:

"2. The testimony being that the property of the plaintiff was erected on an elevation, and that said improvement only increased that elevation in a fractional degree, the jury has not the right to consider the specific cost of changing the surface of the plaintiff's property by the building of retaining walls, but has only the right to consider the difference in market value of the property, as affected by said improvement."

Answer. "That is true. You have no right to consider the cost of changing the surface of the plaintiff's property by building retaining walls as the basis of specific recovery, but you have a right to consider it as an element affecting the market value of his property. With this modification this point is affirmed." (12)

Verdict and judgment for plaintiff for $850. Defendant appealed.

*Errors assigned* were (1-5) rulings on evidence quoting the bill of exceptions; (6, 7, 9 and 12) above instructions quoting them.

*C. B. Hollingsworth,* with him *H. E. Marker* and *R. E. Best,* for appellant, cited: Mead v. Pittsburgh, 194 Pa. 392; Bond v. Philadelphia, 218 Pa. 475; Burns v. Reynoldsville Borough, 48 Pa. Superior Ct. 122; Edsall v. Jersey Shore Borough, 220 Pa. 591; Ebberts v. Edgewood Borough, 243 Pa. 597.

*Adam M. Wyant,* with him *Edward E. Robbins,* for appellee, cited: Hill v. Oakmont Borough, 47 Pa. Superior Ct. 261; Patton v. Philadelphia, 175 Pa. 88; Shaffer v. Reynoldsville Boro., 44 Pa. Superior Ct. 1; Strathern v. Braddock Borough, 11 Pa. Superior Ct. 1; Rudderow v. Philadelphia, 166 Pa. 241; Dawson v. Pittsburgh, 159 Pa. 317; Aswell v. Scranton, 175 Pa. 173.

OPINION BY WILLIAMS, J., October 9, 1916:

The plaintiff, Greenawalt, sought to recover damages for injuries to his property caused by a change of grade. At the trial it was shown that certain trees were destroyed as shade trees, that the street was lowered 18 inches, that there had to be a readjustment of the driveway, water and gas lines and sewer system, and that plaintiff's property was about eight and one-half feet above the former street level and sloped down in steep terraces. He contended that the change in grade also necessitated the building of a retaining wall to protect his terraces.

The sole question in dispute was the amount of damages suffered by the plaintiff.

The appellant contends under assignments 1 to 7, 9 and 12, that as the plaintiff's property was above grade when the change was made, plaintiff's witnesses should not have been permitted to compute or consider the cost of a retaining wall in their determination of the market value of plaintiff's property before and after the change of grade. The cases cited in support of the contention were clearly distinguished by the learned court below when it was pointed out that in the present case there was no effort to show the cost of changing the plaintiff's lot to a condition which did not before exist. The situation is rather one, in which conditions have been interfered with which called for no change in order that the land might be available for the purposes which determine its market value.

The cost of preserving the property in the condition it was prior to the change of grade, or its restoration thereto, is a proper element to be considered in making an estimate of the market value. The cost of building a retaining wall was expressly decided to be such an element for consideration in Hill v. Oakmont Boro., 47 Pa. Superior Ct. 261. Whether it was or was not necessary for the retaining wall to be built and its cost as affecting the market value were questions solely for the jury and the

charge of the court is justified by the principles set forth in Patton v. Philadelphia, 175 Pa. 88; Bond v. Philadelphia, 218 Pa. 475, and Dawson v. Pittsburgh, 159 Pa. 317. This disposes of the eighth assignment of error.

The tenth and eleventh assignments of error raise substantially the same question, viz: whether the court erred in affirming plaintiff's third and fourth points for charge. The gist of these is contained in the fourth point which is as follows: "The defendant borough is not entitled to set-off against the special damages to the plaintiff's property, the subsequent increase of value of the property common to the entire neighborhood and produced or brought about by the improvement of Vine street." The court in approving the point said: "That is true. Any benefit that is common to the entire neighborhood is not entitled to be set off against any special damages the plaintiff has received." This is a proper statement of the law: Rudderow v. Philadelphia, 166 Pa. 241; Dawson v. Pittsburgh, 159 Pa. 317; Aswell v. Scranton, 175 Pa. 173. There is nothing in the charge which precluded the jury from setting off special benefits accruing to the plaintiff's lot provided there had been any proof of such benefits. The court affirmed defendant's point as follows: "If the grading and other improvement made by the defendant borough on Vine street increased the value of the plaintiff's property, as much as, or more than the cost to him to repair it or adjust himself to the changed state of things, he is not damaged and should not recover." If the defendant desired more specific instructions on this point its counsel should have asked for them: Fortney v. Breon, 245 Pa. 47. As there was no evidence of any special benefits, no harm resulted from a failure to be more specific on the question.

The assignments of error are overruled and judgment affirmed.