## Achenbach *v.* Slate Belt Telephone & Telegraph Co., Appellant.

*Telephone companies—Eminent domain—Damages — Special benefits—Instruction to juries.*

Advantages to a property resulting from the construction of a telephone, which ought to be considered in connection with the disadvantages, are such as are special to the property affected, and give it an increased value above the general appreciation of the property in the neighborhood.

The question whether the right to direct access to a telephone line is a benefit to the property, and the value of such right, is a matter for the determination of the jury.

In an action brought by a property owner against a telephone company for damages, caused by the latter constructing a telephone line along a public road running through the plaintiff's farm, it is error for the court to refuse to charge the jury that where the telephone line benefits only the land through which it runs and not land adjoining such property or the community generally, it must be considered in determining whether any damage or benefit has accrued and, if damages or benefit, the amount thereof.

Argued December 1, 1919.  Appeal, No. 5, Oct. T., 1919, by defendant, from judgment of C. P. Northampton Co., November Term, 1916, No. 54, on verdict for plaintiff in the case of Lewis Achenbach v. Slate Belt Telephone & Telegraph Company.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.  Reversed.

Appeal from award of viewers.  Before McKEEN, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $180, and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the answer to defendant's sixth point as quoted in the opinion of the Superior Court and the charge of the court.

*W. H. Kirkpatrick,* of *Kirkpatrick & Maxwell,* and with him *H. M. Hagerman,* for appellant.—The instructions as to special benefits was erroneous: Aswell v. Scranton, 175 Pa. 173; Burns v. Reynoldsville Boro., 48 Pa. Superior Ct. 122; Mahaffey v. Beech Creek R. R. Co., 163 Pa. 158.

*H. F. Laub,* of *Smith, Paff & Laub,* and with him *T. McKeen Chidsey,* for appellee.

OPINION BY PORTER, J., February 28, 1920:

The plaintiff is the owner of a farm of about eighty acres situate in Plainfield Township, Northampton County. In September, 1916, the defendant, having first filed a bond, proceeded to construct a telephone line along a public highway running through plaintiff's farm, viewers were appointed to assess the damages and an appeal having been taken from their award the trial in the court below resulted in a verdict in favor of the plaintiff, and from the judgment upon that verdict the defendant appeals.

The defendant introduced testimony tending to establish that the construction of a telephone line along the road through plaintiff's property gave plaintiff the right, subject to the regulations established by the Public Service Commission, to have a telephone connected with the line and thus establish communication with the outer world, and that this was a benefit to the property which should be considered in determining the amount of damages which should be awarded for the construction of the line. The plaintiff contended that this was a benefit not

peculiar to the property, was a benefit common to the entire community, and ought not to be considered by the jury in arriving at a verdict. The manner in which the question, whether the construction of the line specially benefited the property of the plaintiff, was submitted to the jury is the subject of all the specifications of error. It is not necessary to separately discuss all the specifications. The jury were instructed that they must not take into consideration benefits to land of the plaintiff which were general to the community and to this general statement of the law there was no objection. The complaint of the appellant goes to the instructions as to what were general and what special benefits. The character of these instructions may be indicated by referring to the third specification of error, which is founded upon the refusal of the court to affirm the sixth point submitted by defendant. The point requested the court to charge as follows: "A common benefit is a benefit to land generally in the community, and cannot be restricted only to the benefit common to land through which the line of telephone runs. When the line benefits only the land through which it runs, and not land adjoining such land or the land generally in the community, it must be considered in determining whether there is any damage or benefit, and, if damage or benefit, the amount thereof." This point the court refused, to which ruling the defendant took an exception. It would seem clear that the jury must have understood this to mean that even when the only property in the community benefited is that through which the line directly passes, that the benefit to abutting properties, having direct access to the line, is still a mere common benefit which is not to be taken into consideration in determining the amount of damages to which a plaintiff is entitled. The effect of this would certainly be to lead the jury to believe that the only benefits which they ought to consider were those which were different from the benefits accruing to other properties abutting upon the line.

The entire charge of the court and the answer to the points were in entire harmony with this particular ruling. It is well here to remember that telegraph and telephone companies do not have the unlimited right of eminent domain. Their right, in that regard, is limited to the public highways. The owner of property which does not abut upon the line must purchase a right-of-way for access to it, for neither he nor the telephone company can force a private owner to permit the construction of a line across his property. It is, therefore, clear that in a rural community the owner of land through which a telephone line passes is, with regard to the use of the line, in a class distinct from the owners of land which does not abut upon the line, and that the abutting properties form a special or peculiar class, distinct from other properties in the general community. In determining whether benefits are common to the community in general or special to any peculiar class of properties, the question in each case is, whether or not the special facilities afforded by the improvement have advanced the market value of the property beyond the mere general appreciation of the property in the neighborhood: Setzler v. The Railroad Company, 112 Pa. 56; Dawson v. City of Pittsburgh, 159 Pa. 317. The plaintiff's property was not the only property through which the telephone line was constructed, and presumably not the only property which received special advantages. Against the demands of each claimant it was for the jury to consider the advantages special to his property. Mahaffey v. The Beech Creek R. R., 163 Pa. 158. The opening of a street may be a peculiar benefit to a property which has direct access to it, and that benefit may be special although every property directly abutting upon the street is also benefited. The construction of a sewer may be a special benefit to every property which directly abuts upon it, although it may be an incidental benefit to the entire community, but for reasons entirely different. So essential is the difference in the benefits to

property directly abutting upon these two classes of improvements and the benefits to properties not directly abutting thereon, that special assessments for improvements of this character cannot be sustained against properties of the latter class. It can scarcely be questioned that the right to have access at all times to a telephone line, as the means of communication, for ordinary business purposes or in case of an emergency, has some value. Those who enjoy that right are in a class different from those who must buy their way from the owners of adjoining land or depend upon the courtesy of neighbors. In all such cases the question whether the right of direct access to the line is a benefit to the property and the value of such right is for the jury. The effect of the charge, in the present case, was to open the way for the jury to reach a conclusion that the advantage derived from an improvement, to justify the jury in considering it, must be something unlike and above the advantages derived by any other person. The specifications of error must be sustained: Aswell v. Scranton, 175 Pa. 173; Burns v. Reynoldsville Boro., 48 Pa. Superior Ct. 122.

The judgment is reversed and a venire facias de novo awarded.