## Holmes' Appeal

*Edward L. Willard,* for plaintiff.
*Spangler & Walker,* for defendant.

FLEMING, P. J., March 5, 1935.—This matter is before us upon exceptions to the report of viewers appointed to view the property and assess damages, if any, as provided by the Act of May 4, 1927, P. L. 519. The exceptant is the petitioner, the viewers having found that no damages were suffered.

The exceptions are 23 in number and pertain both to the findings of fact and the conclusions of law as shown by the viewers' report. As to the former we must accept the findings in the same manner as the findings of a jury, and our duties are limited to a determination of the question as to whether or not there is sufficient testimony to support such findings. That this has been the long established rule cannot be questioned. As early as East Franklin Township Road, 8 Pa. C. C. 590, quoting from the syllabus, we find:

"The report of road viewers, so far as it relates to the necessity for the road, the place of its location, and the matter of damages, is entitled to a degree of

respect analogous to that yielded to the verdict of a jury or the finding of fact of an auditor, and should not be stricken down save for error of law apparent on its face or misconduct on the part of viewers.

"Matters of fact are, by the law, specially left to the viewers for decision, and should not be considered by the court."

In Opening New Road in Byberry, 6 Phila. 384, Judge Brewster says:

"The jurors were all gentlemen of great experience and intelligence; one of them was for many years engaged in a geological survey of the State, and all of them appear to have acted fairly and according to their best judgment.

"Where there is no exception alleging misconduct of the jury, and where their report is not palpably erroneous, this court will not interfere with the finding upon mere allegations of mistake as to the facts.

"To permit ourselves to do this in one case would require us to retry all these reports, and would speedily convert the judges of the court into road jurors."

See also Road in Amwell Township, 28 Pa. C. C. 129; Road in Manheim Township, 19 Lanc. 414. A careful reading of the record discloses ample testimony from which the viewers, who saw the witnesses, and heard them testify, and whose duty it was to pass upon their credibility, could find facts as they have done.

The substance of the exceptions to the conclusions of law stated in the viewers' report is that the viewers erred in taking into consideration the benefits derived from the work done by the borough upon the street in question. We must agree with respondent's counsel that petitioner's counsel has drawn improper conclusions from the cases cited, Greenawalt v. West Newton Borough, 64 Pa. Superior Ct. 576; Rudderow, Trustee, v. Philadelphia, 166 Pa. 241; Dawson v. Pittsburgh, 159 Pa. 317; and Aswell v. The City of Scranton, 175 Pa. 173. It is true that a borough cannot set off against the special damages to a specific property the subsequent increase in value of the property common to the entire neighborhood and produced or brought about by the improvement, but this does not mean that the viewers may not set off special benefits accruing to the specific property provided proof exists of such benefits. Every property-owner is entitled to have his case, as a whole, both as to damages and benefits, separately and specially considered. If his property is injured that others may be benefited, he is entitled to have his loss made good. If the improvement increases the value of his property as much as or more than it will cost him to repair it, or to readjust himself to the change, he is not damaged and cannot recover.

The petitioner became the owner of the land in 1929 and cannot therefore claim damages for what may have occurred in 1926: Losch's Appeal, 109 Pa. 72; Kaufmann v. Pittsburgh, 248 Pa. 41.

The constitutional objections are not applicable under the facts. There was no taking, injuring or destruction of petitioner's land. All that was done was done upon the dedicated street and that which was done, the viewers have found as a fact, did not injure or destroy the property of the petitioner. The burden was upon the petitioner to show damages either actual or consequential.

We find no merit in the exceptions and are of the opinion that the viewers' report should not be disturbed.

And now, March 5, 1935, the exceptions are dismissed and report of viewers confirmed absolutely.
From Musser W. Gettig, Bellefonte, Pa.