## Urban Redevelopment Authority of Pittsburgh Appeal.

Argued April 1, 1952. Before DREW, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Carl E. Glock* orally argued the case and, with *Frank W. Ittel, David McN. Olds, Reed, Smith, Shaw & McClay, Theodore L. Hazlett, Jr., Paul G. Perry,* and *Burgwin, Churchill, Ruffin & Hazlett,* filed a brief for appellant.

*John A. Metz, Jr., Gilbert E. Morcroft, T. Robert Brennan, Edwin F. Ellis, Emerson G. Hess, Jr.* and *James A. Wright,* orally argued the case, and, with *M. J. Arnd, James A. Danahey, J. Alfred Wilner, James Craig Kuhn, Jr., Louis Rosenfield, Ferdinand T. Weil, Andrew A. Weil, Weil, Vatz & Weil, Joseph F. Weis, John A. Metz, Sr., John E. Winner, Floyd V. Winner, J. Howard Brennan, Leonard M. Boehm, Emerson G. Hess, Sr., Hess & Hess, William L. Jacob, William L. Jacob, Jr., William H. Markus, Robert C. Riethmuller, Harland I. Casteel, J. Wray Connolly, Davis C. Burroughs, Jr., Moorhead & Knox, Drayton Heard, M. H. Hirschfield, Hamilton A. Robinson, Alex C. Grant, Clarence F. Covey, Markel & Markel, J. T. Keller, Harold Obernauer, Harry J. Benjamin, Shoemaker & Eynon, Harry Ravick, Ray C. Hough, Jr., Wilson Barker, Gustav M. Berg, Illario Tornese, Nick Tornese, William A. Blair, and Griggs, Moreland, Blair & Douglas* filed briefs for various' appellees.

*Charles F. C. Arensberg* orally argued the case, and with *Thomas L. Wentling* and *Patterson, Crawford, Arensberg & Dunn,* filed a brief for Public Parking Authority of Pittsburgh, amicus curiae.

250

OPINION PER CURIAM, April 14, 1952:

The Viewers' Report involved in this appeal complies with the pertinent legal requirements. The appellant's exceptions were, therefore, properly dismissed.

The findings and conclusions of the Viewers, which Section 9 of the Act of June 23, 1911, P. L. 1123, 16 PS §3118, contemplates, were inherently essential parts of the Schedule of Awards contained in the Report. Nothing further in such regard was either necessary or appropriate. The remaining matters which the appellant mistakenly sought by its exceptions to bring up for decision are not presently justiciable. They relate to the elements of property involved in various of the takings covered by the condemnation and to the relevant measure of damages. Such questions should rightly be raised at the trial of an appeal from a particular award where they can then be competently passed upon judicially. The procedure which the appellant has endeavored to pursue is without legal justification whatsoever; if followed, it could lead only to confusion and interminable delay in the adjudication of the rights of the respective parties in interest.

Order affirmed at the appellant's costs.