## Commonwealth v. Miller

*Peter J. Nolan*, for condemnor.

*Basil C. Clare*, for condemnee.

LIPPINCOTT, J., December 1, 1966.—In this eminent domain case, the Commonwealth of Pennsylvania appealed from the report of a jury of view. Preliminary objections were thereafter filed seeking to quash or strike off the appeal. Following argument and consideration of briefs by the court en banc, an order was handed down on October 13, 1966, overruling the preliminary objections and directing that the matter be placed on the next civil trial list for trial by jury to determine the amount of damages. An appeal having been taken, this opinion is filed as required by the Supreme Court rules.

The preliminary objections filed by condemnee raised three technical matters with respect to the mechanics of the appeal: (1) whether it is necessary to raise specifically objections of law or fact to the viewers' report when the only issue is the amount of the award; (2) whether a copy of the appeal should be served on the parties themselves, rather than their attorneys of

record; and (3) when must proof of service of a copy of the appeal be filed?

With respect to the first contention, the Eminent Domain Code of June 22, 1964, P. L. 84, sec. 515, 26 PS §1-515, provides, inter alia, as follows:

"Any party aggrieved by the decision of the viewers may appeal to the court of common pleas within thirty days from the filing of the report. The appeal shall raise all objections of law or fact to the viewers' report. . . ."

Condemnee takes the position that the act places a duty on appellant specifically to object and allege error in the appeal, even though the only purpose of taking the appeal is to have a trial de novo to determine the amount of damages. We think that condemnee has misread this section. We believe that the intention of the requirement that "the appeal shall raise all objections of law or fact" is merely to modify the prior practice wherein "Exceptions" had to be filed with respect to questions of law and procedure.

In addition, when this section is read in conjunction with section 516, it is obvious that no objections need be given when the only issue is the amount of the award. Section 516 states:

"(a) The appeal shall set forth: . . .

"(4) Objections, if any, to the viewers' report, *other than to the amount of the award*". (Italics supplied).

Legislative intent is also indicated in the Joint State Government Commission's comments, as follows:

"This section makes a change in procedure by combining in one proceeding, designated as an appeal, the practice of exceptions as to questions of law and the filing of a separate appeal as to questions of fact. There was confusion in many of the lower courts and even appellate courts as to whether exceptions or appeal was the proper procedure, and often as a matter of course to protect the record, attorneys made a practice

of filing both. In Lakewood Memorial Gardens, Inc., Appeal, 381 Pa. 46, [112 A. 2d 135] (1955), the court, at page 51, stated that exceptions 'are properly limited to procedural matters or questions of law basic to the inquiry . . .'; and in Urban Redevelopment Authority of Pittsburgh Appeal, 370 Pa. 248 [87 A. 2d 787] (1952), the court held that questions pertaining to the elements of property involved in the condemnation and the relevant measure of damages could not be adjudicated by exceptions but should be raised by appeal.

"Subsection (a) (4) is intended to cover what formerly were exceptions. 'Objections' is not intended to mean objections to rulings on evidence, competency, etc.; it means objections to the report. Under existing law, an appeal on the merits as to damages is considered a trial de novo and neither the viewers' report nor any of their findings nor the amount of the award are admitted for the appeal, nor can they be introduced into evidence. Sweeney v. City of Scranton, 74 Pa. Superior Ct. 348 (1920) (trial de novo) ; Berger v. Public Parking Authority of Pittsburgh, 380 Pa. 19 [109 A. 2d 709] (1954) (viewers' report not admissible)".

This is further confirmed by section 517 of the code, which provides that "All objections, *other than to the amount of the award,* raised by the appeal shall be determined by the court preliminarily. . . ." (Italics added). See also: 14 Standard Pa. Prac. 549; Snitzer, Pennsylvania Eminent Domain 218, 219.

For these reasons, it seems clear that if an appeal does not list any objections of law or fact, the only complaint, therefore, is as to the amount of the damages, which shall be determined by a trial de novo.

Condemnee's second argument is that a copy of the appeal was not served on condemnee *personally* within five days, but rather was served on his attorney of record within said period. We feel that an attorney who has entered an appearance is, in fact, the representa-

tive of his client for the purpose of receiving service of notice of an appeal. In this respect, see Pennsylvania Rule of Civil Procedure 1027, which states:

"A party filing a pleading, other than a complaint by which an action is commenced, shall forthwith serve it on every other party,

"(1) by leaving a copy for or mailing a copy to him at the *address endorsed on an appearance* or prior pleading of the party, but if there is no such endorsement, then

"(2) by leaving a copy for or mailing a copy to him at the residence or place of business of the party or *the address of the party's attorney of record*, . . . ." (Italics supplied).

Concerning condemnee's third contention, that proof of service must be filed within the same 30-day period allowed for taking an appeal (see section 515, supra), there is no such requirement in the act. If such were mandatory, obviously, the appeal itself would have to be taken in less than the permitted 30 days in order to allow for service of notice and then filing of the affidavit of service. This would clearly negative the time allowance provided by the statute.

For these reasons, the court dismissed the preliminary objections and ordered a trial de novo on the merits.